UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Charles Stevens

    v.                              Civil No. 07-cv-277-PB

Governor John Lynch, et al.[1]

**O R D E R**

Before the Court is Charles Stevens' complaint (document no. 1), filed pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. 12132, et seq. ("ADA"), and State tort law.  Stevens seeks damages and injunctive relief, alleging that his rights were violated when he was denied adequate medical care during his incarceration at the New Hampshire State Prison ("NHSP").  The complaint is before me for preliminary review to determine whether, among other things, it states any claim upon

---

[1] In addition to Governor John Lynch, Stevens names the following defendants to this action: the New Hampshire Executive Council, New Hampshire Department of Corrections Commissioner William Wrenn, New Hampshire State Prison ("NHSP") Warden Richard Gerry, NHSP Medical Director Dr. Robert McLeod, and the Catholic Medical Center.  Also, while not named in the caption, the narrative of the complaint includes allegations sufficient to allege constitutional claims against NHSP Dr. Celia Englander, NHSP Dr. Freedman, and NHSP medical department employee Joyce Leeka.  I find, therefore, that Stevens has named Englander, Freedman and Leeka as defendants to this action.

which relief might be granted.  See 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons explained fully in the Report and Recommendation issued simultaneously with this Order, I direct that the claims alleging an Eighth Amendment violation for the failure to provide adequate medical care, the ADA claim, and the State tort law claims proceed against defendants Dr. Freedman, Dr. Celia Englander, Dr. Robert McLeod, Joyce Leeka, William Wrenn, and Richard Gerry.[2]

As explained in my Report and Recommendation, I find that plaintiff has stated claims upon which relief may be granted, I order the complaint (document no. 1) be served on defendants Dr. Freedman, Dr. Englander, Dr. McLeod, Leeka, Wrenn, and Gerry. The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this Order, the Report and Recommendation, and the complaint (document no. 1).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of

---

[2] In my Report and Recommendation, I recommend that the other defendants named by Stevens, Gov. John Lynch, the New Hampshire Executive Council, and Catholic Medical Center be dismissed from this action.

Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on

the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     November 14, 2007

cc:       Charles Stevens, pro se